## THE LYCOMING.
### No. 143.

District Court, E. D. Pennsylvania.
Feb. 4, 1938.

Conlen, LaBrum & Beechwood, of Philadelphia, Pa., for libelant.

Lewis, Wolff & Gourlay, of Philadelphia, Pa., for respondents.

DICKINSON, District Judge.

The libel in this case is based upon the averments that libelant is a part owner of respondent barge; that she had revoked the authority of the master of the barge to act for her; that she was "dissatisfied" with the management of the barge, and demands a bond for the safe return of the barge "from any further voyage."

The answer avers that the libelant has no reason for dissatisfaction with the master and denies the right of the libelant to maintain. her libel unless she has a valid reason for dissatisfaction, and that her right to bond is restricted to a return of the barge from a particular impending voyage and not from all future voyages.

█ This raises the two indicated questions. A ship no more than any property jointly owned can be used without the authority of the owners. Admiralty law places control with the majority. The rights of minority owners are so far recognized that they are given the right enforced by Admiralty Rule 19, 28 U.S.C.A. following section 723, "to obtain security for the return of the ship from any voyage undertaken without their consent." The authority of the master is derived from the consent of the owner, and when this is withheld, the authority is gone unless the required security is given. The right to bond, it will be noted, is conditioned upon the withholding of consent and not upon a cause for dissatisfaction. The objection to the libel that it avers merely the withdrawal of the authority of the master is not well taken.

█ The second objection is that the bond is asked for not because the libelant objects to any particular voyage about to be undertaken, but to all future voyages. As the libelant has the right to object to any voyage, it may be said in truth that the right to require bond as each voyage is undertaken is the equivalent of a right to protection against all voyages.

The bond, however, must be given by the other owners. They, or some of them, may be willing to give bond for one voyage but not for another. They must be protected in this right. They may, of course, if willing to so do, give bond to cover all future voyages, but there is no requirement to do so under rule 19. More than this, the minority owner may not object to the second or any one of the later voyages. This objection to the libel is well founded, but goes only to the condition of the required bond and not to the requirement of any bond.

We have ruled the two questions raised and the proctors for libelant and respondent can doubtless agree upon the order to be made. The answer is really the equivalent of a demurrer. If the parties cannot agree upon an order, we retain jurisdiction to enter one.